IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BAYCO PRODUCTS, LTD.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-789-L |
| | § | |
| **TAP ENTERPRISES, INC. d/b/a** | § | |
| **CUMMINS INDUSTRIAL TOOLS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Tap Enterprises, Inc.'s Motion to Dismiss, filed November 30, 2004. After careful consideration of the motion, response, reply, record and applicable law, the court **denies** Defendant Tap Enterprises, Inc.'s Motion to Dismiss.

**I.     Factual and Procedural Background**

Plaintiff Bayco Products, Ltd. ("Bayco" or "Plaintiff") filed this action against Tap Enterprises, Inc. d/b/a Cummins Industrial Tools, Inc. ("Tap" or "Defendant") on April 14, 2004. Bayco alleges that Tap has engaged in the unauthorized use of distinctive features and design elements of Bayco's fluorescent work lights in violation of § 43(a) of the Lanham Act ("Act"), 15 U.S.C. § 1125(a). Bayco refers to these distinctive features and design elements as its "trade dress." Bayco also alleges infringement of common law rights and unfair competition.

Bayco markets and sells a line of fluorescent work lights to various retail outlets. Bayco alleges that the work lights "are characterized, in part, by their elongated tiered shaped and textured handle, a tiered shaped top, a shaped end lens, and a shaped hook arrangement, as well as other, non-functional design elements, all of which are part of the distinctive features of Bayco's fluorescent

**Memorandum Opinion and Order - 1**

work lights." Plaintiff's Complaint at 3. Bayco contends that it began marketing the lights in 1996 and that Tap is currently marketing and selling a fluorescent work light via its internet website that has a similar trade dress as the Bayco work light.

Tap filed a motion to dismiss Bayco's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted; and Fed. R. Civ. P. 4(m) for failure to timely serve the complaint. The court now considers the motion.

## II.     Legal Standards

### A.     Motion to Dismiss - 12(b)(6) Failure to State a Claim

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Stated another way, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th

Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *Lowrey*, 117 F.3d at 247. A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

### B. Motion to Dismiss – 4(m) Failure to Timely Serve

Fed. R. Civ. P. 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service. *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1305 (5th Cir.1985). The court must extend the time for service upon a showing of good cause. *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir.1996). "Good cause" normally requires some evidence of "good faith on the part of the party seeking an enlargement of time and some reasonable basis for non-compliance within the time specified." *Lambert v. United States,* 44 F.3d 296, 299 (5th Cir.1995). Simple inadvertence, mistake of counsel, and ignorance of the rules usually do not

**Memorandum Opinion and Order - 3**

suffice. *Id.* Even if good cause does not exist, the court has discretion to extend the time to serve a defendant upon a showing that relief is justified. *Thompson,* 91 F.3d at 21.

### III.   Analysis

#### A.   The Lanham Act

The Lanham Act ("Act") provides that

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which–
>
>> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1). The Act extends protection to "trade dress," which refers to the design or packaging of a product which serves to identify the product's source. *TrafFix Devices, Inc. v. Marketing Displays, Inc.,* 532 U.S. 23, 28 (2001). The purpose of trade dress protection, like trademark protection, is to "secure the owner of the [trade dress] the goodwill of his business and to protect the ability of consumers to distinguish among competing products." *Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 774 (1992) (citation omitted). "Trade dress protection must subsist with the recognition that in many instances there is no prohibition against copying goods and products." *TrafFix,* 532 U.S. at 29. Therefore, trade dress protection extends only to incidental,

**Memorandum Opinion and Order - 4**

arbitrary or ornamental product features which identify the source of the product. If a product feature is functional, it cannot be protected trade dress. 15 U.S.C. § 1125(a)(3); *TrafFix,* 532 U.S. at 29. Unless protected by patent or copyright, functional product features may be copied freely by competitors in the marketplace. *Id*. To establish a prima facie case for trade dress infringement, a plaintiff must prove that its trade dress design is (a) inherently distinctive or has acquired distinctiveness through secondary meaning; and (b) is not functional. *Two Pesos, Inc.,* 505 U.S. at 769. A plaintiff must also prove that the defendant's use of a similar trade dress design is likely to cause confusion among consumers. *Sunbeam Prod., Inc. v. West Bend Co.,* 123 F.3d 246, 252 (5th Cir. 1997); *Pebble Beach Co. v. Tour 18 I*, 155 F.3d 526, 537 (5th Cir. 1998).

### B.     Motion to Dismiss – 12(b)(6) Failure to State a Claim

Tap contends that Bayco Counts I and II should be dismissed because Bayco fails to allege an essential element of a claim for trade dress infringement — "that the alleged trade dress acquired secondary meaning prior to defendant's first use." Defendant's Motion at 2. Tap also contends that Bayco's Count III is merely a prayer for damages and not a claim for damages upon which relief can be granted as stated in the complaint. Bayco counters that it has satisfied the notice pleading requirements of Fed. R. Civ. P. 8, and that an evidentiary requirement should not be confused with a pleading requirement. Plaintiff's Response at 2-3. It also asserts that it is irrelevant that its request for damages was included as a Count rather than a prayer. Plaintiff's Response at 4-5.

Bayco specifically asserts in its complaint that its fluorescent work lights have distinctive features and non-functional design elements. Plaintiff's Complaint at 3. Bayco also asserts that this distinctive trade dress has acquired secondary meaning in the marketplace, and that Bayco had prior rights to the trade dress. *Id.* at 3, 7. Further, Bayco alleges that Tap has "misappropriated Plaintiff

**Memorandum Opinion and Order - 5**

Bayco's inherently distinctive Trade Dress by adopting confusingly similar trade dress for its flourescent work light products." *Id*. at 4. In light of these allegations, the court cannot say that it appears beyond doubt that Bayco can prove no set of facts in support of its claim which would entitle it to relief. Thus Bayco states a valid cause of action against Tap by alleging all the essential elements of a trade dress infringement. *See Two Pesos, Inc.,* 505 U.S. at 769; *Pebble Beach Co.,* 155 F.3d at 537. Accordingly, Tap's motion to dismiss should be denied. The court, of course, makes no determination whether Bayco can prove its claim; that is fodder for a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

        **C.**        **Motion to Dismiss – 4(m) Failure to Timely Serve**

Tap also contends that the complaint should be dismissed because Bayco failed to serve the complaint and summons within 120 days as required by Fed. R. Civ. P. 4(m). Plaintiff filed this action on April 14, 2004. Tap was served with the complaint and summons on November 10, 2004. Taps contends that Bayco has not demonstrated good cause to excuse its failure to comply with Rule 4(m). Tap specifically contends that: (1) Bayco's failure to make a motion for enlargement of time for service is evidence of lack of diligence; (2) Bayco has not demonstrated any productive activity toward resolving the case, and settlement attempts does not constitute good cause; (3) Bayco's eventual service to Tap does not excuse it from the requirements of Rule 4(m); and (4) the court is not required to find that Tap will be prejudiced by the late filing for the case to be dismissed. Defendant's Reply at 3-7.

Bayco asserts that the delay for the service was because the parties "have been involved in settlement negotiations in this case throughout the pendency of the service period." Plaintiff's

**Memorandum Opinion and Order - 6**

Response at 2. It further maintains that since service has been accomplished, Tap's motion to dismiss on this ground is unfounded because the purpose of the rule is to encourage service. *Id.*

The court determines that Tap's motion to dismiss because Bayco failed to timely serve the complaint should be denied. Bayco submitted copies of letters to support its contention that service of the complaint was delayed because the parties were in settlement negotiations. The primary purpose of the correspondence appears to be the gathering of documents and information regarding the sale of lights embodying the design at issue; however, the letters also reference resolving the case. Although it is disputed whether formal settlement discussions were under way, it is clear that the parties were in communication with each other, and it is reasonable for a party to consider that the case could be resolved through settlement prior to service of the complaint. The court, however, need not decide whether this evidence sufficiently demonstrates good cause for Bayco's failure to timely serve Tap, as the court in its discretion believes that this case should not be dismissed. As the Fifth Circuit explained in *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir.1996), a district court enjoys discretion under Rule 4(m) to extend the time for service even when a plaintiff fails to show good cause. "If good cause is present, the district court *must* extend time for service. If good cause does not exist, the court *may,* in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Id*. As it is in the court's discretion whether to dismiss pursuant to Rule 4(m), the court declines to do so. Bayco has effected service on Tap in this case. Bayco's claims involve Tap's current marketing of fluorescent lights that are of a similar trade dress to Bayco's fluorescent lights. Thus, a dismissal without prejudice of this case would be an injudicious use of the parties' and the court's time and resources, as Bayco could simply refile and timely serve Tap.

**Memorandum Opinion and Order - 7**

Bayco is not precluded by the applicable statute of limitations, as its claims are of ongoing trade dress infringement. Accordingly, Tap's motion to dismiss pursuant to Rule 4(m) should be denied. The court, in the exercise of its discretion, **extends** the time for service of process to November 10, 2004, the date Bayco served Tap.

**IV.   Conclusion**

For the reasons stated herein, the court **denies** Defendant Tap Enterprises, Inc.'s Motion to Dismiss.

**It is so ordered** this 22nd day of June, 2005.

Sam A. Lindsay
United States District Judge